**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000069
28-JUL-2011
09:35 AM**

NO. CAAP-10-0000069

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
TOMMY W. BULLARD, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-10-01412)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise, J.;
with Ginoza, J., concurring separately)

Defendant-Appellant Tommy W. Bullard (Bullard) appeals from the Judgment filed on September 7, 2010, in the District Court of the First Circuit (District Court).[1] Bullard was charged by complaint with operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2009), as a first-time offender under HRS § 291E-61(b)(1) (Supp. 2009).[2] Prior to trial, Bullard filed two motions to dismiss the complaint. Bullard filed a Motion to Dismiss Re: Failure to Allege an Essential Fact (Motion to Dismiss Regarding Mens Rea), seeking to dismiss the OVUII charge on the ground that it was deficient for failure to allege a mens rea. Bullard also filed a Motion to Dissmiss Re:

_____

[1] The Honorable Lono J. Lee presided.

[2] Bullard was also charged with driving without a license, but that charge was dismissed upon proof that he had a valid driver's license

Failure to Properly File a Written Complaint (Motion to Dismiss Regarding Signature), seeking to dismiss the complaint unless Plaintiff-Appellee State of Hawai'i (State) could prove that it was properly signed by the prosecutor. The District Court denied the Motion to Dismiss Regarding Mens Rea and the Motion to Dismiss Regarding Signature. After a bench trial, the District Court found Bullard guilty of the OVUII charge and imposed sentence.

On appeal, Bullard argues that the District Court erred in: (1) denying his Motion to Dismiss Regarding Mens Rea because he claims the OVUII charge was defective for failing to allege that he committed the OVUII offense intentionally, knowingly, or recklessly; and (2) denying his Motion to Dismiss Regarding Signature because he claims that the State failed to meet its burden of proving that the complaint was properly signed by the prosecutor. We affirm.

I.

We resolve the arguments raised by Bullard as follows:

1. We conclude that the OVUII charge was not required to allege a mens rea in order to be sufficient, and we reject Bullard's challenge to the sufficiency of the OVUII charge. State v. Nesmith, No. CAAP-10-0000072, 2011 WL 2685719 (Hawai'i App. June 22, 2011) (holding that a complaint which did not allege a mens rea was sufficient to charge the defendant with OVUII in violation of HRS § 291E-61(a)(1) and/or (a)(3), as a first-time offender under HRS § 291E-61(b)(1)). Accordingly, the District Court properly denied Bullard's Motion to Dismiss Regarding Mens Rea.

2. At the time the complaint in this case was filed, the Hawai'i Supreme Court's "Third Amended Order Establishing Pilot Project for Submitting Written Criminal Complaints by Electronic Mail in the District Courts of the First[,] Third[,] and Fifth Circuits of the State of Hawai'i" (Pilot Project Order) was in effect. The Pilot Project Order allows duly authorized prosecutors to submit, and the clerks of the designated district

2

courts to accept, written criminal complaints in Adobe Portable Document Format (Adobe PDF format) or locked Word format (locked Word complaint) transmitted by email as an attachment. The Pilot Project Order provides in pertinent part that:

> An Adobe PDF or locked Word complaint submitted by email that bears the facsimile signature of a prosecutor and the prosecutor's attorney identification number has the same force and effect as the prosecutor's handwritten signature on any written complaint, provided the email by which the complaint was submitted originates from an official email address known to the Clerk. For purposes of this order and any rules of court, the facsimile signature may either be an image of a handwritten signature or the software printed name of the prosecutor preceded by /s/.

The complaint against Bullard is valid on its face. The complaint contains the name and attorney identification number of Deputy Prosecuting Attorney Thomas C. Koenig and bears a facsimile signature in the form of the software printed name of "THOMAS C. KOENIG" preceded by "/s/." It is Bullard, and not the State, that bears the burden of setting forth a prima facie case showing that he is entitled to the dismissal of the charge. See State v. Almeida, 54 Haw. 443, 448, 509 P.2d 549, 552 (1973) (concluding that a defendant who files a motion to dismiss bears the burden of presenting a prima facie case showing that he or she is entitled to dismissal); State v. Layton, 53 Haw. 513, 516, 497 P.2d 559, 561-62 (1972) (noting that an indictment has a presumption of validity); State v. Rodrigues, 63 Haw. 412, 417, 629 P.2d 1111, 1115 (1981) ("In challenging the validity of an indictment, the defendant has the burden to establish prejudice."); State v. Chong, 86 Hawaiʻi 290, 295, 949 P.2d 130, 135 (App. 1997) (stating that "the defendant bears the burden of proof when challenging an indictment").

In his Motion to Dismiss Regarding Signature, Bullard did not provide any basis for believing that the facsimile signature that appears on the complaint failed to comply with the Pilot Project Order or was invalid. A facsimile signature of a prosecutor that complies with the requirements of the Pilot Project Order "has the same force and effect as the prosecutor's

handwritten signature on any written complaint[.]" Bullard failed to meet his burden of setting forth a prima facie case that he is entitled to the dismissal of the complaint based on a claim that it was not properly signed. Accordingly, the District Court properly denied Bullard's Motion to Dismiss Regarding Signature.

II.

We affirm the September 7, 2010, Judgment of the District Court.

DATED: Honolulu, Hawai'i, July 28, 2011.

On the briefs:

Timothy I. MacMaster
for Defendant-Appellant

Delanie D. Prescott-Tate
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Chief Judge

Associate Judge